## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN A. WEIL and MELISSA D. FULK, individually and on behalf of others similarly situated,<br><br>            Plaintiff<br><br>     vs.<br><br>METAL TECHNOLOGIES, INC.,<br><br>            Defendant | **CLASS ACTION COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION COMPLAINT UNDER 29 USC § 216(b)**<br><br>CASE NO.  2:15-CV-16 |

### *PLAINTIFFS' CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES*

Come now the Plaintiffs, Brian A. Weil ("Weil") and Melissa D. Fulk ("Fulk"), by counsel, and for their Class Action and FLSA Collective Action Complaint against the Defendant, Metal Technologies, Inc. ("Metal Technologies"), allege and say:

### I.  STATEMENT OF THE CASE

Weil and Fulk bring this class and collective action lawsuit against Metal Technologies to address class-wide wage and hour violations committed by Metal Technologies against its employees.  Weil and Fulk will serve as class representatives of different classes and sub-classes of current and former employees of Metal Technologies who were victims of Metal Technologies' class-wide wage violations.

Specifically, Metal Technologies is and has been taking illegal wage deductions from its employees' pay checks for costs of uniforms.  These deductions for uniforms are violations of Indiana law, as they violate Indiana's Wage Assignment Statute, I.C. 22-2-6-2, and result in the

underpayment of wages in violation of the Indiana Wage Payment Statute, I.C. 22-2-5, the Indiana Wage Claims Statute, I.C. 22-2-9, and/or Indiana law governing breach of contract. Those same illegal deductions for the cost of uniforms violate the Fair Labor Standards Act ("FLSA"), particularly as the deductions cause overtime violations, because Metal Technologies is violating the FLSA's rule that wages (including payment of an overtime wage) must be paid free and clear, unconditionally, and not subject to any kickbacks.

Additionally, Metal Technologies is and has been underpaying its employees' wages on a class-wide basis as a result of an illegal time card rounding practice. All hourly-paid Metal Technolgies employees were similarly subjected to Metal Technologies' unlawful compensation scheme that required its hourly paid production employees to perform significant work prior to the scheduled start time of each shift and to perform significant work after the scheduled end of each shift. Metal Technologies has not been paying its employees for this additional work time. Generally, Metal Technologies has been paying employees based upon scheduled shift hours rather than actual hours of work. Metal Technologies has been making these adjustments and deprived its employees of pay for actual time worked despite the fact Metal Technologies' own time records showed its employees were working more time than Metal Technologies was paying its employees. Metal Technologies has been adjusting its employee time records and not paying employees until the scheduled start of a shift. Metal Technologies has been adjusting time records to avoid paying for time worked after a shift's scheduled end time. Metal Technologies has been using illegal time card rounding practices. All of Metal Technologies time card rounding practices were performed to Metal Technologies' benefit and to the harm and detriment of Metal Technologies' employees. Metal Technologies' illegal time card rounding practices (non-neutral time card rounding) violate the FLSA and result in underpayment of

minimum wages and overtime compensation.  In the same way, Metal Technologies' illegal time card rounding practices result in the underpayment of wages, creating class-wide violations of the Indiana Wage Payment Statute, I.C. 22-2-5, the Indiana Wage Claims Statute, I.C. 22-2-9, and/or Indiana law governing breach of contract.

Weil and Fulk's class and collective action claims based upon Metal Technologies' illegal uniform wage deductions and its illegal time card rounding practices are perfect for class treatment and will be easy to prove.  All of Metal Technologies' wage violations will be shown on the face of its pay stubs to employees and Metal Technologies' own time cards.

Finally, Weil and Fulk each have individual claims against Metal Technologies for violations of Indiana wage statutes.

## II.  FACTUAL ALLEGATIONS

1. Weil is a resident of the State of Indiana, and is domiciled in Lewis, Vigo County, Indiana.  Weil first worked for Metal Technologies as a temporary employee through a company called CoWorx.  Weil was hired as a Metal Technologies employee on or about November 5, 2014 and he continued as an employee until December 9, 2014 when Metal Technologies terminated his employment.

2. Fulk is a resident of the State of Indiana, and is domiciled in Linton, Greene County, Indiana.  Fulk first worked for Metal Technologies as a temporary employee through a company called CoWorx.  Fulk was hired as a Metal Technologies employee in mid-2014 and she continued as an employee until December 31, 2014 when she voluntarily resigned her employment with Metal Technologies.

3. Upon information and belief, Metal Technologies is an Indiana corporation. Metal Technologies employed Weil and Fulk at its manufacturing facility in Bloomfield, Greene

County, Indiana.

4. At its Bloomfield plant, Metal Technologies manufactures different types of automobile parts.

5. Metal Technologies utilizes an electronic time clock that records the time each employee begins his work each shift and records the time an employee ends his work each shift. At the Bloomfield facility, Metal Technologies employees record their work time by swiping a personal security badge. If Metal Technologies paid its employees' wages and overtime based upon these time card entries, Metal Technologies would be in compliance with the FLSA and with Indiana wage statutes.

6. Metal Technologies does not pay its employees' wages and compensation based upon its own time card records.

7. Importantly, Metal Technologies does not record its hourly-paid employees' work time in any other way. The only time records Metal Technologies has to base its payment of wages are the time records generated by the employee badge swipes.

8. At least at its Bloomfield facility, for a lengthy period of time, Metal Technologies has employed a policy and practice whereby it significantly adjusts downward and deducts time from its hourly-paid employees' time records and pays its employees for less than their full time worked.

9. Based upon its long-standing policy and practice of manipulating and downwardly adjusting employee time records, Metal Technologies has been systematically underpaying its employees significant sums of wages on a daily basis. Many employees, including Weil and Fulk during their employment with Metal Technologies, have been underpaid wages and overtime compensation by up to thirty (30) minutes per shift.

10.     Each Metal Technologies production employee begins his/her shift by swiping a badge to record his/her time in.  Generally, each employee must report to work and clock in (swipe a badge) fifteen minutes prior to his/her scheduled start time in order to participate in a shift meeting with a supervisor, receive work instructions for the day, and to assist and relieve the coworker on the earlier shift who had been performing the same tasks.  At the end of a work shift, that same employee must assist the next coworker relieving him/her and, generally, work activity continues to occur after the employee's scheduled shift end time.  The employee then clocks out after this transition is completed.  Again, if Metal Technologies paid employees based upon actual time clock entries, Metal Technologies would be in compliance with the law.  It does not and, instead, rounds time off the employee time records (to Metal Technologies' advantage and the employee's detriment) and does not pay for significant daily amounts of actual work time.

11.     Pursuant to its policy and practice, Metal Technologies is not compensating its hourly-paid employees for all work time at the beginning of each employee's shift from the time the employee swipes his/her badge in.  Additionally, pursuant to its policy and practice, Metal Technologies systematically deducts time from its employee time records that represents time spent working by the employee after the scheduled shift end-time, even though the work was performed and recorded on Metal Technologies' time keeping system.

12.     All of Metal Technologies' time rounding practices were performed to Metal Technologies' advantage and to the detriment and harm of Metal Technologies' employees. Metal Technologies' time card rounding practices are not neutral.

13.     Metal Technologies subjected Weil, Fulk and all of its hourly-paid employees to illegal wage deductions for the cost of uniforms.  These deductions are described with the

abbreviation "UN" on pay stubs and show the amount Metal Technologies took from each employee.

14. Weil and Fulk are specifically alleging that Metal Technologies has taken illegal deductions in violation of the Indiana Wage Assignment Statute, I.C. 22-2-6-2, and in so doing, Metal Technologies has failed and refused to pay Weil, Fulk and each and every other similarly situated employee his/her wages in full in each and every week Metal Technologies took one of these pay roll deductions for the cost of uniforms.

15. Metal Technologies has no legal authority to dock the wages of its employees to cover Metal Technologies' own business expenses, nor did Metal Technologies have signed, written authority from its employees, including Weil and Fulk, which complies with I.C. 22-2-6-2 and would allow Metal Technologies to dock its employees' wages to cover costs for uniforms. To be clear, Metal Technologies is not selling uniforms to its employees. Metal Technologies is requiring its employees to wear uniforms for work. Metal Technologies rents or purchases these uniforms for the employees, but forces its employees to pay, through a wage assignment, a portion (or all) of Metal Technologies' cost. Moreover, Metal Technologies requires the employees to return any uniforms upon the termination of the employee's employment.

16. Metal Technologies intentionally and knowingly violated its employees' rights to earned wages through Metal Technologies' illegal wage docking practices and illegal time card rounding practices.

17. Separate from illegal deductions for the costs of uniforms, Metal Technologies took an illegal wage deduction from Weil's pay check in a category marked as "OF." A representative of Metal Technologies explained to Weil that this deduction was meant for some type of health coverage cost that Weil did not receive and that Weil would be reimbursed,

however, more than a month has passed since Weil last worked for Metal Technologies and that illegally deducted sum has still not be paid to Weil.

18.     On multiple occasions during her employment, Fulk received a pay check from Metal Technologies for a sum that was less than her full wages. On multiple occasions, Fulk was forced to go to Metal Technologies to request a correction to the underpayment of her wages. While Metal Technologies did address these underpayments, it began to delay its remedial payments. On one or more of these occasions, Metal Technologies may have only been one or two days late in its full payment of wages to Fulk, but on other occasions, Metal Technologies was one or two weeks late in its full payment of wages to Fulk. Metal Technologies' failure to pay Fulk her wages in full and on time constitutes a violation of the Indiana Wage Payment Statute and subjects Metal Technologies to mandatory penalties for late payment of wages under that statute.

19.     Particularly because Metal Technologies had (and still has) records of its employees' full time worked and simply chose to adjust and reduce the amount of time it paid its employees for work performed, it is clear that Metal Technologies knowingly and willingly failed and refused to pay Weil, Fulk and its other hourly employees for all time worked. In the same way, illegal wage deductions taken by Metal Technologies are shown on the face of paystubs, making it clear that Metal Technologies knowingly and willingly failed and refused to pay Weil, Fulk and its other hourly employees for all time worked.

20.     Weil, Fulk and all similarly situated coworkers have been harmed by Metal Technologies' uniform policies and practices of taking illegal wage deductions and of reducing and adjusting time records downward and other types of non-neutral time card rounding practices, all of which profited Metal Technologies to the detriment and harm of Metal

Technologies' employees. These illegal wage deduction and time record rounding decisions are clearly the product of a conscious policy decision made by Metal Technologies to manipulate its time records and to pay its employees for less than all time worked.

21. Specifically, Metal Technologies has failed and refused to base its compensation paid to Weil, Fulk and all of Metal Technologies' other hourly-paid employees based upon a "continuous work day."

22. Metal Technologies intentionally and knowingly violated Weil, Fulk and all similarly situated employees' rights to be paid earned wages and to be paid earned overtime compensation.

23. In Weil and Fulk's cases, as has been true in the cases of many current and former Metal Technologies employees, Metal Technologies has failed and refused to make a payment of all accrued wages, particularly illegally docked wages and underpaid wages resulting from Metal Technologies' illegal and non-neutral time record rounding policies, and more than 20 days have passed since the last date Metal Technologies could have made payment of these wages without penalty under Indiana Law.

### III. CLASS AND COLLECTIVE ACTION ALLEGATIONS

24. Weil and Fulk incorporate herein by reference paragraphs 1 - 23 above.

25. Weil and Fulk each are pursuing claims individually, but this Complaint is brought also as a collective action and as a class action on behalf of other current and former Metal Technologies employees who were similarly denied payment of wages and overtime compensation under Metal Technologies' compensation scheme that involved illegal wage deductions and the manipulation of time records and the failure to pay wages for work at the beginning and the end of Metal Technologies' employees' shifts.

26. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Weil, Fulk and all Metal Technologies current and former employees who were damaged by Metal Technologies' compensation system which required and resulted in illegal wage deductions and uncompensated work by Metal Technologies employees. By virtue of the "collective action," Weil and Fulk represent the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstance. Weil and Fulk anticipate that other Metal Technologies employees and former employees will opt in to the action.

27. With respect to FRCP 23(b)(3) class action claims, Fulk and Weil will each serve as class representative over a proposed sub-class. The classes will be as follows:

    a. Fulk will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute. This Court has supplemental jurisdiction over Fulk's Indiana statutory wage claim. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Fulk and on behalf of all eligible Metal Technologies current and former employees (who voluntarily resigned) who were damaged by Metal Technologies' compensation system which required and resulted in illegal wage deductions and uncompensated work performed by hourly-paid employees. By virtue of the class action, Fulk represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances.

    b. Weil will serve as class representative for the class-wide claims brought under the Indiana Wage Claims Statute (to the extent possible) and Indiana law for breach

of contract related to non-payment of wages. This Court has supplemental jurisdiction over Weil's Indiana statutory wage claim and breach of contract claim. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Weil and on behalf of all eligible Metal Technologies current and former employees who were involuntarily terminated from employment and who were damaged by Metal Technologies' compensation system which required and resulted in illegal wage deductions and uncompensated work performed by hourly-paid employees. By virtue of the class action, Weil represents the identical and/or similar interests of former and current coworkers who were involuntarily terminated and who were denied wages and overtime compensation under the same circumstances.

28. The number of Metal Technologies' current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Weil and Fulk will pursue discovery to obtain the names of the other current and former Metal Technologies employees, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

29. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

30. Weil and Fulk's claims are typical of the claims of the whole collective group of current and former Metal Technologies hourly-paid employees harmed by Metal Technologies' illegal wage practices. Weil and Fulk's claims are typical of the claims of the whole class of current and former Metal Technologies hourly-paid employees harmed by Metal Technologies'

illegal wage practices.

32. Weil and Fulk will act to fairly and adequately protect the interests of the entire collective group of current and former Metal Technologies employees. Weil and Fulk will act to fairly and adequately protect the interests of the entire class of current and former Metal Technologies employees.

32. A "combined"[1] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Metal Technologies. For example, to prove Metal Technologies' illegal wage practices, Weil and Fulk and other members of this collective group/class would seek in discovery records about all similarly situated current and former Metal Technologies employees who were similarly denied earned wages and overtime compensation under Metal Technologies' compensation system which required and resulted in illegal wage deductions and uncompensated work through illegal and non-neutral time record rounding practices, all of which harmed hourly-paid employees. Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

33. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory and contractual wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to

---

[1] See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

34. A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

35. Because Metal Technologies' compensation system which required and resulted in illegal wage deductions and uncompensated work by hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

## IV. JURISDICTION AND VENUE

36. This Court has jurisdiction over Weil and Fulk's FLSA claims under 28 USC § 1331 as those FLSA claims raise a question of federal law.  See 29 USC § 201 et seq.  The Court has supplemental jurisdiction over Weil and Fulk's Indiana law claims, which have a common basis in fact with their own and the other Plaintiff class members' FLSA claims.

37. This Court is the appropriate venue for this cause of action as Weil and Fulk worked for Metal Technologies at its Bloomfield, Greene County, Indiana facility and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1367.

## V. STATEMENT OF CLAIMS

### A. FAIR LABOR STANDARDS ACT CLAIMS

38. Weil and Fulk incorporate herein by reference paragraphs 1 through 35 above.

39. Metal Technologies is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA.  Metal Technologies is an

"employer," as that term is defined by the FLSA.

40. Metal Technologies has violated Weil and Fulk's rights and the rights of all members of the Plaintiff Class to be properly paid minimum wages and overtime wages in a manner required by the FLSA. Metal Technologies have taken illegal wage deductions which violate the FLSA's free and clear, no kickback rule, causing overtime violations in weeks in which Weil, Fulk and their similarly situated coworkers worked more than forty (40) hours in a calendar week. Metal Technologies has committed both minimum wage and overtime violations by failing to pay Weil, Fulk and their similarly situated coworkers for all hours of work, particularly as Metal Technologies has underpaid wages based upon its illegal and non-neutral time record rounding scheme.

41. Metal Technologies has repeatedly violated the FLSA's overtime provisions by not paying Weil, Fulk and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

42. Metal Technologies has repeatedly violated the FLSA's minimum wage provisions by not paying Weil, Fulk and members of the Plaintiff Class for all compensable work time and at the required minimum wage rate.

43. Metal Technologies' failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification, and subjects Metal Technologies to a three year statute of limitations.

44. Weil, Fulk and the Plaintiff Class seek all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Metal Technologies' violations of their rights under the Fair Labor Standards Act.

### B. Indiana Wage Payment Statute Claims (With Fulk as Class Representative)

45.     Fulk incorporates herein by reference paragraphs 1 through 35 above.

46.     Fulk is the named Plaintiff whose Indiana statutory wage claim arises under the Indiana Wage Payment Statute, I.C. 22-2-5 and the Plaintiff who represents the same or similar interests of all current Metal Technologies hourly-paid employees and all Metal Technologies' former hourly-paid employees who voluntarily resigned from employment.

47.     By way of this Claim, Fulk is seeking, individually and on behalf of members of the Plaintiff Class of current and former Metal Technologies employees, all available damages, including all unpaid wages, all underpaid wages, all illegally deducted wages, all available liquidated, punitive and/or treble damages, all attorney's fees, costs and expenses, plus any other damage to which Fulk and her fellow Plaintiff Class members may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Fulk is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, illegally deducted wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

### C. Indiana Breach of Contract and Indiana Wage Claims Statute Claims (With Weil as Class Representative)

48.     Weil incorporates herein by reference paragraphs 1 through 35 above.

49.     Weil was involuntarily terminated from employment by Metal Technologies.  As such, Weil's wage claims to recover illegally deducted amounts and unpaid and underpaid wages (particularly based upon Metal Technologies' wage scheme whereby it illegally rounds time records and underpays wages) arise under the Indiana Wage Claims Statute, I.C. 22-2-9.  Weil obtained a letter from the Indiana Attorney General's Office dated January 8, 2015 which permits his attorney to file this wage claim on Weil's behalf as the Indiana Attorney General's

"designee." To the extent the Court permits him to do so and other similarly situated (and involuntarily terminated) coworkers can obtain similar Indiana Attorney General "designee" status for Class Counsel (Weil's attorney), Weil will serve as a class representative for claims raised on behalf of similarly situated (and involuntarily terminated) coworkers who were subjected to illegal wage deductions and underpaid wages (based upon illegal and non-neutral time record rounding).

50. Regardless of the application of the Indiana Wage Claims Statute, Metal Technologies breached its contractual promise to pay employees wages when it took illegal deductions and underpaid wages. Those failures to pay wages in full, committed against Weil and all class members who were involuntarily terminated, constitute class-wide breaches of contracts. Weil can serve as class representative for those who were involuntarily terminated and who have, at least, a claim for breach of contract based upon illegally deducted wages and underpaid wages.

51. By way of this Claim, Weil is seeking, individually and on behalf of members of this Plaintiff Class of current and former Metal Technologies employees who were involuntarily terminated, all available damages, including all unpaid wages, all underpaid wages, all illegally deducted wages, any available liquidated, punitive and/or treble damages, all attorney's fees, costs and expenses, plus any other damage to which Weil and his fellow Plaintiff Class members may be entitled pursuant to law. Pursuant to I.C. 22-2-9-4, which incorporates I.C. 22-2-5-2, Weil is seeking, individually and on behalf of members of this Plaintiff Class of involuntarily terminated coworkers, payment of unpaid wages, underpaid wages, illegally deducted wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

52. Metal Technologies has breached its contract with Weil and all of its hourly paid employees by failing to pay his wages in full (underpaying wages due to illegal wage deductions and illegal rounding practices).

53. With the breach of contract claim, Weil seeks all available damages for himself and all members of this class of involuntarily terminated employees.

### D. Weil's Individual Indiana Wage Claims Statute Claims

54. Weil incorporates herein by reference paragraphs 1 through 35 above.

55. Weil was involuntarily terminated from employment by Metal Technologies. As such, Weil's wage claims to recover illegally deducted amounts and unpaid and underpaid wages arise under the Indiana Wage Claims Statute, I.C. 22-2-9. Weil obtained a letter from the Indiana Attorney General's Office dated January 8, 2015 which permits his attorney to file this wage claim on Weil's behalf as the Indiana Attorney General's "designee." To the extent he cannot do so in a class action context, Weil is still pursuing any and all claims for damages under the Indiana Wage Claims Statute, I.C. 22-2-9, to recover illegally deducted wages (both the uniform deductions and the "OF" deductions), and to recover all unpaid and underpaid wages stemming from Metal Technologies' illegal rounding of time records.

56. By way of this Claim, Weil is seeking all available damages, including all unpaid wages, all underpaid wages, all illegally deducted wages, any available liquidated, punitive and/or treble damages, all attorney's fees, costs and expenses, plus any other damage to which Weil may be entitled pursuant to law. Pursuant to I.C. 22-2-9-4, which incorporates I.C. 22-2-5-2, Weil is seeking payment of unpaid wages, underpaid wages, illegally deducted wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

### E. Fulk's Individual Indiana Wage Payment Statute Claims

57..    Fulk incorporates herein by reference paragraphs 1 through 35 above.

58.    In addition to her individual and class-wide claims against Metal Technologies which are based upon illegal wage deductions and illegal rounding practices, Fulk has separate individual claims against Metal Technologies under the Indiana Wage Payment Statute, I.C. 22-2-5, based upon Metal Technologies' late payment of portions of her wages.  The Indiana Wage Payment Statute contains a mandatory penalty equal to 10% per day for late payment of wages.  For all late paid wages, Fulk seeks all statutory penalties due and owed to her by Metal Technologies, along with payment of her reasonable attorney's fees, costs and penalties.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Weil and Fulk respectfully request that the Court enter judgment against Metal Technologies and issue all available relief to them and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid, underpaid and illegally deducted wages;

3. All statutory damages under I.C. 22-2-5-2, including, but not limited to, all treble damages, costs, and statutorily authorized damages;

4. All statutory damages under I.C. 22-2-9-4, which incorporates I.C. 22-2-5-2, including, but not limited to, all treble damages, costs, and statutorily authorized damages;

5. All reasonable attorney's fees and expenses;

6. Costs;

7. An injunction effective to prevent Metal Technologies from continuing its unlawful wage practices which violate the Indiana Wage Payment Act and Indiana Wage Claims Act, including all policies/practices whereby Metal Technologies takes illegal wage deductions and all policies/practices which result in Metal Technologies' failure to pay to its employees earned wages for all hours of compensable work;

8. Prejudgment interest, if available; and

9. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, LORENZ & KONDRAS LLP

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net