UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN A. WEIL,  )<br>MELISSA D. FULK,  )<br>   )<br>    Plaintiffs,   )<br>   )     No. 2:15-cv-00016-JMS-DKL<br>  vs.  )<br>   )<br>METAL TECHNOLOGIES, INC.,   )<br>   )<br>    Defendant.   ) | |

## **ORDER**

Presently pending before the Court in this action brought under the Fair Labor Standards Act ("FLSA"), the Indiana Wage Payment Statute, and the Indiana Wage Claims Statute is Plaintiffs Brian A. Weil's and Melissa D. Fulk's (collectively the "Plaintiffs") Motion to Equitably Toll the Statute of Limitations for Putative Collective Action Members (the "Motion"). [Filing No. 41.] For the following reasons, the Court denies Plaintiffs' Motion without prejudice.

## I.
### BACKGROUND

Plaintiffs allege that Defendant Metal Technologies, Inc. ("Metal Technologies"), committed wage and hour violations against its employees. [Filing No. 1] On January 20, 2015, Plaintiffs filed their Combined Class Action and FLSA Collective Action Complaint ("Complaint"), [Filing No. 1], their initial Motion to Certify Class Action and FLSA Collective Action, [Filing No. 3], and a Motion to Stay a Ruling on their initial Motion to Certify Class Action and FLSA Collective Action In Order to Permit Time For Discovery and Briefing, [Filing No. 4]. The Court conducted an initial pre-trial conference on April 6, 2015, [Filing No. 28], and on the same date, Plaintiffs served interrogatories and a request for production of documents upon Metal

1

Technologies, [Filing No. 42 at 2]. The Court set August 1, 2015, as the deadline for Plaintiffs to file an Amended Motion to Certify. [Filing No. 28.] After the Court granted an extension, Plaintiffs filed their Amended Motion to Certify on September 1, 2015, [Filing No. 53.], and the parties are currently briefing that motion.

Plaintiffs allege that Metal Technologies has not responded to the April 6, 2015 interrogatories and request for production of documents and has only provided Plaintiffs with pay stubs and time records for each of the Plaintiffs, and for a sampling of twenty employees. [Filing No. 42 at 2.] Further, Plaintiffs claim that Metal Technologies' discovery responses are more than two months past due, which subsequently caused delays in any ruling on Plaintiffs' Motion to Certify. [Filing No. 42 at 1-2.] Plaintiffs now move to equitably toll the running of the statute of limitations for the claims of potential opt-in plaintiffs ("Opt-In Plaintiffs").

## II.
### DISCUSSION

Plaintiffs allege that prompt notice of an FLSA collective action is necessary to preserve the claims of potential Opt-In Plaintiffs, and that Metal Technologies may later argue that the statute of limitations continue to run until the unknown plaintiffs filed their opt-in forms. [Filing No. 42 at 2-3.] Plaintiffs argue that an order from this Court is necessary as soon as possible to send notice of the FLSA collective action to potential Opt-In Plaintiffs. [Filing No. 42 at 3.] Further, Plaintiffs allege that equitable tolling is justified because they have diligently pursued discovery and certification of their collective action claims, but that notice to the affected individuals has been delayed due to Metal Technologies' delays in discovery. [Filing No. 42 at 3.] Plaintiffs argue that on the date they filed their Complaint, they also filed a Motion to Certify and requested permission to schedule an early pre-trial conference in order to permit discovery to obtain the names of potential Opt-In Plaintiffs and to file a full brief for their Motion to Certify.

2

[Filing No. 42 at 5-6.] Plaintiffs allege that they served Metal Technologies with discovery on April 6, 2015, the earliest date possible. [Filing No. 42 at 6.] Plaintiffs, thus, argue that they have done everything possible to obtain the names and addresses to serve notice upon potential Opt-In Plaintiffs. [Filing No. 42 at 6.]

In response, Metal Technologies argues that Plaintiffs' Motion is premature and amounts to a request that the Court issue an impermissible advisory opinion. [Filing No. 48 at 5.] Metal Technologies alleges that the statute of limitations argument only affects parties not currently before the Court, and that several things may occur that would make Plaintiffs' Motion moot, for example the Court may never grant Plaintiffs' Motion to Certify, or Opt-In Plaintiffs may not require the tolling of the statute of limitations. [Filing No. 48 at 6.]

In reply, Plaintiffs argue that Metal Technologies' argument that Plaintiffs' Motion is "premature" is an incorrect statement of law. [Filing No. 49 at 2.] In particular, Plaintiffs point to a case cited by Metal Technologies, *Hawkins v. Alorica, Inc.*, 2012 WL 5364434 *4 (S.D. Ind. 2012), and argue that in *Hawkins*, this Court declined to equitably toll the statute of limitations for persons not permitted to opt in to their certified collective action, whereas this Motion seeks to toll the statute of limitations for parties who are able to opt in to their FLSA collective action. [Filing No. 49 at 2.] Plaintiffs further allege that federal courts have routinely granted equitable tolling in FLSA collective actions to avoid prejudice to actual or potential opt-in plaintiffs. [Filing No. 49 at 3.]

Since the statute of limitations continues to run against opt-in plaintiffs until they join an FLSA collective action, courts routinely grant equitable tolling to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b). *See, e.g., Partlow v. Jewish Orphans Home of S. Cal., Inc.*, 645 F.2d

3

757, 760–61 (9th Cir. 1981), *abrogated on other grounds by* Hoffmann–La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *2 (E.D. La. 2009); *Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 276 (S.D. Iowa 2011).

      Nevertheless, the Court agrees with Metal Technologies that if it grants Plaintiffs' request to toll the statute of limitations for potential Opt-In Plaintiffs at this juncture, it would be issuing an impermissible advisory opinion. *FCC v. Airadigm Communs., Inc.*, 616 F.3d 642, 654 (7th Cir. 2010). Under general principles derived from the "case or controversy" requirement of the United States Constitution, a federal court is without power to give advisory opinions, because such opinions cannot affect the rights of the litigants in the case before it. *See, e.g., Sierra Club v. Morton,* 405 U.S. 727, 731–34 (1972); *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 239–41 (1937) (citing U.S. Const. art. III, § 2, cl. 1). Plaintiffs have not demonstrated how potential Opt-In Plaintiffs' claims may be prejudiced or harmed. If there is a discovery dispute as Plaintiffs allege, it has not been presented to the Court. There is no finding that Metal Technologies has intentionally delayed discovery. Moreover, Plaintiffs have not filed a motion to compel discovery, which could bolster Plaintiffs' arguments that Metal Technologies is not cooperating, or is slow-walking the process of discovery.

      In addition, other than raising it in its Answer, [Filing No. 23 at 29], Metal Technologies has not raised the statute of limitations as an affirmative defense against potential Opt-In Plaintiffs. If it did so once the Plaintiffs were added, the Court would presumably address the doctrine of equitable tolling for potential Opt-In Plaintiffs and weigh whether Metal Technologies' conduct warranted such relief. Thus, until such issue is ripe, the Court is prohibited from addressing the rights of parties not before the Court.

The Court notes, however, that it is not prohibited from reconsidering this issue in the future. The Court will not permit a defendant to slow-walk the process of discovery and then allege that Opt-In Plaintiffs are time-barred from joining the lawsuit.[1]

### III.
#### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Equitably Toll the Statute of Limitations for Putative Collective Action Members, [Filing No. 41], is **DENIED WITHOUT PREJUDICE.**

Date:   10/6/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Peter Kondras, Jr.
HUNT HASSLER KONDRAS & MILLER LLP
kondras@huntlawfirm.net

Robert F. Hunt
HUNT HASSLER LORENZ & KONDRAS LLP
hunt@huntlawfirm.net

Jacob H. Miller
HUNT HASSLER LORENZ KONDRAS LLP
jmiller@huntlawfirm.net

Melissa K. Taft
JACKSON LEWIS P.C. - Indianapolis
melissa.taft@jacksonlewis.com

---

[1] In its response, Metal Technologies raises two additional arguments. However, because the Court denies Plaintiffs' Motion based on Metal Technologies' first argument, the Court need not address those other arguments.

Michael W. Padgett
JACKSON LEWIS P.C. - Indianapolis
padgettm@jacksonlewis.com

Brian D. Burbrink
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.burbrink@odnss.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com