UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRIAN A. WEIL and MELISSA D. FULK, individually and on behalf of others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 2:15-cv-00016-JMS-MPB |
| *vs.* | ) ) ) | |
| METAL TECHNOLOGIES, INC., | ) ) | |
| *Defendant*. | ) | |

**ENTRY**

On May 29, 2019, this matter was remanded from the Seventh Circuit Court of Appeals. [Filing No. 435 at 3.] The Seventh Circuit instructed this Court to determine whether the May 1, 2019 amendment to Indiana Code § 22-2-6-2(b) can be applied retroactively to the Plaintiff Class's wage-deduction claims; and, if so, whether this Court's June 13, 2018 determination regarding attorneys' fees and costs should be revised. [Filing No. 435 at 10.] These issues are fully-briefed by the parties and are ripe for the Court's decision.

**I.**
**FACTUAL BACKGROUND**

The relevant part of Plaintiffs' action is the claim based on I.C. § 22-2-6-2, which provides that an employee's wages can be deducted and assigned if such assignment is: (1) in writing; (2) signed by the employee; (3) by its terms, revocable by the employee at any time; and, (4) agreed to by the employer in writing. I.C. § 22-2-6-2(a). This statute also provides that a wage assignment may be made for certain purposes found in subsection (b) of the statute. As of July 1, 2015, one of the permissible uses for a wage deduction and assignment was "[t]he purchase of uniforms and equipment necessary to fulfill the duties of employment. . . ." I.C. § 22-2-6-2(b)(14).

Plaintiffs filed this action seeking, among other things, damages for violation of I.C. § 22-2-6-2. Specifically, Plaintiff Brian A. Weil, individually, and the Plaintiff Class alleged that their employer, Metal Technologies, Inc. ("Metal Technologies"), impermissibly made deductions from their wages to pay for the rental of uniforms. From January 20, 2013 through April 10, 2016, Metal Technologies used a certain form for this wage assignment, and that form did not include the required language indicating that the wage assignment agreement was revocable by an employee at any time upon written notice to the employer. [Filing No. 395 at 3-4.] Metal Technologies conceded that this omission of the revocation language on the wage assignment form was a violation of I.C. § 22-2-6-2, [Filing No. 395 at 3-4], and the parties stipulated to the amount of damages to which Mr. Weil and the Plaintiff Class were entitled, [Filing No. 395 at 11]. The Court accepted the parties' stipulation, with a slight modification, finding that Metal Technologies owed the Plaintiff Class $31,039.96 for improper wage deductions. [Filing No. 395 at 11.] The Court then trebled those damages, by stipulation of the parties, making the total amount of damages owed to the Plaintiff Class for wage deductions $93,152.58. [Filing No. 395 at 11.] The parties also stipulated that Metal Technologies deducted a total of $43.10 from Mr. Weil's wages for uniform rental, and the Court trebled that amount and found that Mr. Weil was owed $129.30 in damages for the improper deduction of wages for uniform rental. [Filing No. 380 at 4; Filing No. 395 at 12.]

After April 10, 2016, Metal Technologies amended the wage assignment form, adding the required revocation language. [Filing No. 395 at 4.] Using this amended form, Metal Technologies continued to deduct wages for uniform rental from employees that chose to rent their uniforms. [Filing No. 395 at 12.] Although the wage assignment form had been corrected, Plaintiffs argued at trial that the wage deduction uniform rental was still unlawful because uniform

2

rental was not one of the permissible uses listed in I.C. § 22-2-6-2(b). [Filing No. 395 at 12.] As noted above, at that time, one of the permissible uses for a wage assignment was "[t]he purchase of uniforms and equipment necessary to fulfill the duties of employment. . . ." I.C. 22-2-6-2(b)(14). Plaintiffs argued that "purchase" and "rental" are not synonymous, and uniform rental is not a permissible use of a wage assignment, and is in violation of wage assignment statute. [Filing No. 395 at 12.] On the other hand, Metal Technologies argued that "rental" is synonymous with "purchase," and therefore the wage deduction was permissible because the employees agreed to such wage assignment. [Filing No. 395 at 12.]

Following a bench trial, the Court concluded that although "purchase" was listed as a permissible use in I.C. § 22-2-6-2(b), "rental" was not listed. [Filing No. 395 at 12.] The Court disagreed with Metal Technologies' reading of the statute, reasoning that "[i]n ordinary usage, the terms purchase and rental are not used synonymously." [Filing No. 415 at 13.] The Court concluded that the wage deductions for uniform rental were in violation of the wage assignment statute, and it granted the Plaintiff Class $8,102.04 in damages for the deductions made using the revised wage assignment form, an amount that was stipulated to by the parties. [Filing No. 415 at 7.] On June 13, 2019, the Court awarded Plaintiffs $99,229.58 in attorneys' fees for the wage deduction claims. [Filing No. 415 at 17.]

The parties filed cross-appeals on several issues, including the Court's interpretation and application of I.C. § 22-2-6-2(b)(14). [Filing No. 421; Filing No. 426]. Oral argument at the Seventh Circuit was held on January 18, 2019. [Filing No. 435 at 4.] After oral argument, on May 1, 2019, the Indiana legislature amended the statute to explicitly allow wage deductions for the rental of uniforms, and the legislature made this amendment retroactive. [Filing No. 435 at 5; I.C. § 22-2-6-2(b)(14).] As of May 1, 2019, I.C. § 22-2-6-2(b)(14) now provides: "A wage assignment

3

under this section may be made for the purpose of paying [for] . . . (14) [t]he purchase, **rental**, or use of uniforms, shirts, pants, or other job-related clothing. . . ." I.C. § 22-2-6-2(b)(14) (emphasis added).

On May 29, 2019, the Seventh Circuit Court of Appeals entered its opinion affirming in part and vacating in part this Court's decision. [Filing No. 435 at 3.] The Seventh Circuit stated,

> If the law remained as it stood on the day that the case was argued, we would affirm the district court across the board. After argument, however, the Indiana legislature introduced a wrinkle: it amended its wage-deduction law to authorize withholding for uniform rentals, and it made that amendment retroactive. Given this turn of events, we affirm the district court's decertification order but vacate the judgment and remand the case for the district court to reconsider the wage-deduction claim in light of the new law. That will likely also require the district court to recalculate attorneys' fees and costs.

[Filing No. 435 at 5.]

Based on the Seventh Circuit's opinion, the Court ordered the parties to submit briefs on the issues of whether the amended law could be applied retroactively to the Plaintiff Class's wage-deduction claim and, if so, whether the Court's award of attorneys' fees and costs needed to be revised. [Filing No. 435 at 10.] These issues are now ripe for the Court's review.

## II.
### PARTIES' ARGUMENTS

In Plaintiffs' opening brief on these issues, Plaintiffs argue that the amendment to I.C. § 22-2-6-2 cannot be applied retroactively because that would deprive them of their "legally vested right in their earned wages" and would violate the United States Constitution's and Indiana Constitution's prohibitions against *ex post facto* laws. [Filing No. 442 at 2.] Plaintiffs argue that the $8,102.04 part of the judgment is earned wages and, if the amended statute is applied retroactively and those damages are taken away, it will amount to an unconstitutional taking. [Filing No. 442 at 3; Filing No. 442 at 6.] Plaintiffs argue that their at-will employment constitutes

4

a contract and, therefore, retroactive application of the new law would impair the parties' contract obligations because it would release Metal Technologies of its obligation to pay its employees their earned wages. [Filing No. 442 at 3.] Plaintiffs also argue that the new law amounts to a bill of attainder and an *ex post facto* law because it is clear that the Indiana legislature was aware of the judgment in this case and it was enacting the new law to "undo this judgement." [Filing No. 442 at 7-8.] Plaintiffs also argue that there would be significant consequences if the Court applies the amendment retroactively, including the necessity for extensive discovery and an entirely new trial, because Metal Technologies was impermissibly "taking deductions for uniform costs that were in excess of 5% of an employee's disposable earnings," which is unlawful. [Filing No. 442 at 8-9.] Finally, Plaintiffs argue that the amount of attorneys' fees and costs should be increased because: (1) Plaintiffs have incurred additional attorneys' fees and costs due to the continued litigation of this case, and (2) the Court's previous attorneys' fee award equaled only 290.24 hours of billed time and, for a successful class action claim, this was not a "reasonable fee." [Filing No. 442 at 16-17.] Plaintiffs argue that the Court has inherent authority to modify its award of attorneys' fees and costs, and the Seventh Circuit's remand was a general remand, meaning that this Court may reconsider its previous award. [Filing No. 442 at 12-13.]

In response, Metal Technologies argues that the limited purpose of the Seventh Circuit's remand was to determine if the amended statute could be applied retroactively in this case and, if so, whether the amount of attorneys' fees should be revised. [Filing No. 443 at 1.] Metal Technologies argues that Plaintiffs are "rehashing past arguments" in their brief to try to persuade the Court to award them more fees, despite the Seventh Circuit saying that it "would affirm the district court across the board" were it not for the "wrinkle" of the legislature amending the statute while the appeal was pending. [Filing No. 443 at 2; Filing No. 435 at 5.] Metal Technologies

5

argues that the attorneys' fee award should be reduced because Plaintiffs are no longer the prevailing party on the post-April 10, 2016 wage deduction claim. [Filing No. 443 at 2-3.] Moreover, Metal Technologies argues, the only wage deduction claims that had class-wide success were uncontested and did not involve difficult legal issues. [Filing No. 443 at 12-13.] Additionally, Metal Technologies asserts that the Court should uphold its previous decision to have the parties bear their own costs because this is a "mixed result" case. [Filing No. 443 at 13.] Metal Technologies also argues that the amended statute can and should be applied retroactively because—despite Plaintiffs' argument that retroactive application would impair their employment contract—retroactive application would actually uphold the parties' agreement to deduct wages for the rental of uniforms. [Filing No. 443 at 6-7.] Metal Technologies notes that these wage assignment agreements were entered into voluntarily, and the effect of the amendment to the statute is that these wage assignment agreements are valid. [Filing No. 443 at 6-7.] Metal Technologies argues that the amendment will not interfere with it paying its employees their earned wages, but instead, will enforce these wage assignment agreements between it and its employees. [Filing No. 443 at 7-8.] Metal Technologies also argues that Plaintiffs' *ex post facto* argument is erroneous because "[t]he Supreme Court 'has consistently adhered to the view . . . that the *Ex Post Facto* Clause applies only to penal statutes.'" [Filing No. 443 at 8 (quoting *Collins v. Youngblood*, 497 U.S. 37, 41 n. 2 (1990).] Moreover, argues Metal Technologies, just because the amendment was a reaction to this case does not make the amendment "capricious" or "improperly motivated." [Filing No. 443 at 8.] Finally, Metal Technologies disputes Plaintiffs' assertion that a new trial would be necessary if the amended law was applied retroactively because (1) the parties stipulated to damages, and (2) Plaintiffs are precluded from raising their new "in excess of 5% of disposable earnings" theory because the trial is over and the judgment has been entered. [Filing

No. 443 at 9.] Metal Technologies argues that Plaintiffs are attempting to relitigate their claims, which is improper. [Filing No. 443 at 10.]

In reply, Plaintiffs argue that the wage assignment agreements were void as a matter of law because they violated public policy and the law as it existed at that time. [Filing No. 444 at 3-4.] Plaintiffs argue that the amended forms were void and unenforceable because, at the time they were signed, it was illegal under the express terms of I.C. § 22-2-6-2 to make deductions from wages for uniform rentals. [Filing No. 444 at 4.] Plaintiffs argue that the deductions that were made were unlawful because they were made without a "valid" wage assignment. [Filing No. 444 at 4.] Plaintiffs also argue that Metal Technologies did not dispute that it failed to take precautions to ensure the deductions were not in excess of 5% of employees' earnings. [Filing No. 444 at 5.] Plaintiffs argue that their allegations in their January 20, 2015 Complaint cover this additional claim for violation of I.C. § 22-2-6-2. [Filing No. 444 at 6.] Plaintiffs argue that they did not focus on this claim previously because at that time it was their position that all uniform rental deductions were illegal, so it would not make sense to put focus on this subset of improper deductions that exceeded the 5% limit. [Filing No. 444 at 8.] Moreover, Plaintiffs argue, the Court has the discretion to create a sub-class of plaintiffs to address this claim on remand. [Filing No. 444 at 8-9.] Plaintiffs also argue that Metal Technologies has not disputed that the Court has the inherent power to modify its attorneys' fee award, [Filing No. 444 at 9], nor has it disputed that the Indiana Wage Payment Statute gives Plaintiffs the right to recover additional attorneys' fees for their continued efforts to collect the unpaid wages. [Filing No. 444 at 9.] Finally, Plaintiffs reiterate their request for the Court to reconsider its original award of attorneys' fees, because the award was not "reasonable." [Filing No. 444 at 11.]

**III.**
**DISCUSSION**

**A. The Amendment May Be Applied Retroactively**

As recognized by the Seventh Circuit, "courts generally must honor the legislature's choice to make a law retroactive. . . . The only exception is if applying the law retroactively would violate a vested right or constitutional guarantee." *Weil v. Metal Techs., Inc.,* 925 F.3d 352, 356 (7th Cir. 2019) (citing *Bourbon Mini-Mart, Inc. v. Gast Fuel & Servs., Inc.*, 783 N.E.2d 253, 260 (Ind. 2003) ("Ultimately . . . whether or not a statute applies retroactively depends on the Legislature's intent.")). Plaintiffs have attempted to show that retroactive application of the amended statute would violate their vested right in earned wages and would violate the Indiana Constitution and the United States Constitution by being an *ex post facto* law and a bill of attainder. However, the Court finds Plaintiffs' arguments unpersuasive.

Contrary to Plaintiff's assertions, the new law does not impair the parties' contract, but enforces it. The new law confirms that the amended wage assignment form signed by the employees was proper. Plaintiffs' wholesale disregard of the wage assignment form they each signed only serves to underscore the legitimacy of Metal Technologies' argument. Because the new law enforces—not impairs—the parties' contract, there is no constitutional takings issue. The deductions here were wholly voluntary; even the two named plaintiffs demonstrate this fact: Mr. Weil rented his uniform, Ms. Fulk did not.

Moreover, Plaintiffs' *ex post facto* argument is contrary to well-established precedent limiting *ex post facto* laws to criminal matters. *See Collins v. Youngblood*, 497 U.S. 37, 41 n. 2 (1990) ("Although there has been some debate within the Court about the accuracy of the historical discussion in *Calder v. Bull*, . . . the Court has consistently adhered to the view expressed by Justices Chase, Paterson, and Iredell in *Calder* that the *Ex Post Facto* Clause applies only to penal

statutes.") (internal citation omitted); *see also People v. Frazer*, 982 F.2d 180, 191 (Cal. 1999), *overruled on other grounds*, Stogner v. California, 539 U.S. 607 (2003) ("Early in the nation's history, the United States Supreme Court decided that the *ex post facto* clause applies only to criminal legislation as opposed to statutes which retroactively affect property, contract, or other interests protected in civil proceedings.").

Along the same lines, Plaintiffs' argument about the new law being a bill of attainder is equally unpersuasive. The legislature's enactment of the amended law is not "capricious" or "improperly motivated." As a matter of policy, the basis for the legislature's action is not the least bit nefarious; rather, it is to clarify the earlier statute authorizing uniform deductions and make it clear that the authority extends to both purchased and rented uniforms. *See Landgraf v. USI Film Products*, 511 U.S. 244, 267-68 (1994) ("Retroactivity provisions often serve entirely benign and legitimate purposes, whether to respond to emergencies, to correct mistakes, to prevent circumvention of a new statute in the interval immediately preceding its passage, or simply to give comprehensive effect to a new law. . . .").

For these reasons, the Court finds that it is appropriate to give the amended statute the retroactive effect the legislature intended. *See Weil*, 925 F.3d at 356.

### B. Modification of Attorneys' Fees and Costs

Because the amendment to I.C. § 22-2-6-2 can be applied retroactively in this case, the Court finds that the attorneys' fee award should be reduced—not increased as Plaintiffs suggest. Although Plaintiffs interpret the Seventh Circuit's remand and this Court's July 15, 2019 Order as broadly reopening the issue of attorneys' fees, the Seventh Circuit made it clear that the award of fees should only be revisited in the event the new law applies retroactively to Plaintiffs' claims. *See Weil*, 925 F.3d at 356 ("We therefore vacate the judgment and remand the case so that the

district court can consider whether the new law applies to [plaintiffs'] wage-deduction claims. If it does, the district court will also have to revisit the attorneys' fees and costs that it awarded the plaintiffs on those claims."). Plaintiffs' arguments as to further merits proceedings are rejected because: (a) the classes/damages under the new and old statutes are established by the joint stipulations filed by the parties, [*see* Filing No. 380], and the retroactive application of the statute simply vacates the award of damages after April 10, 2016, so no further action is necessary; and (b) the claim about the deductions being in excess of 5% of employees' disposable income was never raised and is beyond the scope of the Seventh Circuit's mandate. The Court declines to award additional fees to Plaintiffs' counsel for continued, unnecessary litigation in this case.

The Court finds that the attorneys' fee award should be reduced based on the new law. However, in their briefs, neither party suggests a specific amount of fees that should be awarded to Plaintiffs. The Court finds that it is fair to reduce the fee award by 8%, which is the percentage of the total damages that relate to deductions made based on the corrected wage assignment form (*i.e.*, the deductions that the Indiana legislature confirmed were appropriate in its May 1, 2019 amendment to I.C. § 22-2-6-2). The Court's calculations are reflected below. The Court finds that the original attorneys' fee award of $116,098.61 should be reduced to **$106,810.72**.

Damages
      $93,281.88 (amount of damages for period of 1/20/13 - 4/10/16)
 + $8,102.04 (amount of damages after 4/10/16, when corrected wage assignment form used)
      $101,383.92 (total amount of damages in original judgment)

8,102.04 / 101,383.92 = .799

.799 x 100 = 7.99% (8%)

$8,102.04 is 8% of original total damages

Attorneys' Fees

    $116,098.61 (total amount attorneys' fees originally awarded)
  x  92% (remaining amount of damages not related to deductions made after 4/10/16)
    **$106,810.72 (new total amount of attorneys' fee award)**

The Court's reduction of fees reflects its determination as to the degree of success achieved by Plaintiffs and their counsel in this litigation. This case was prosecuted by counsel in an effort to create precedent establishing strict liability for an employer to compensate for all time recorded on a time card regardless of whether the time reflects hours actually worked. This Court, and more importantly the Seventh Circuit, resoundingly rejected that theory. Although the Court understands counsel's desire to attempt to set such precedent as it could result in lucrative awards for both plaintiffs and plaintiffs' counsel, the reality is that the attempt failed. Counsel's continued attempts to recoup fees for the failed claim borders on specious. In no way should Metal Technologies be responsible for such an endeavor.

The wage deduction claim was a partial success, but the pre-statutory amendment claim was not vigorously litigated. The post-amendment claim is now also unsuccessful, and the Court considers its reduced award of $106,810.72 to border on a generous estimate.[1]

### IV.
#### CONCLUSION

Based on the foregoing, the judgment in this case is amended as follows to reflect that Metal Technologies shall pay:

- **$93,152.58** to the Plaintiff Class, from which shall be paid a **$2,500** incentive award to lead Plaintiff Melissa Fulk;

---

[1] The Court notes it was only required to estimate fees because of vague time records kept by Plaintiffs' counsel.

- **$194.61** to Mr. Weil;[2]

- **$128.97** to Ms. Fulk; and

- **$106,810.72** as reasonable attorneys' fees.

The Court declines to award costs to either party.

An Amended Final Judgment shall issue accordingly.


Date: 11/6/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only to all counsel of record**

---

[2] The parties stipulated that the deductions Metal Technologies made from Mr. Weil's wages occurred prior to the April 11, 2016 amendment of the wage assignment form. [Filing No. 380 at 4.] Therefore, this portion of Mr. Weil's judgment does not need to be reduced.